# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 3:18-05059-CV-RK |
| v. | ) ) |
| AMANDA RUTH SCHWEITZER, JONAH SCHWEITZER, CHRISTY OWENS, C.A., A MINOR CHILD, | ) ) ) ) |
| Defendants. | ) |

## ORDER GRANTING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS

This is an insurance coverage declaratory judgment action pursuant to 28 U.S.C. § 2201. Before the Court is the Motion for Judgment on the Pleadings filed by Plaintiff Safeco Insurance Company of America ("Safeco"). (Doc. 22.) The motion is fully briefed. (Docs. 23, 24, 25.) For the reasons below, the motion is **GRANTED in part** as to Defendants C.A. and Christy Owens. (Doc. 22). Safeco is further ordered to show cause why it's case against Defendants Amanda Schweitzer and Jonah Schweitzer should not be dismissed for failure to prosecute.

## Background

The relevant facts in this matter are undisputed. C.A. is a minor child who, through his mother Christy Owens ("Owens"), has a pending civil action for damages in state court against his middle school teacher, Amanda Schweitzer ("Amanda"), and Amanda's husband, Jonah Schweitzer ("Jonah"). C.A.'s civil action stems from the allegation that Amanda groomed and subsequently engaged in sexual intercourse with C.A. Amanda has been charged with crimes for her alleged sexual misconduct. Amanda and Jonah are insured under a Safeco homeowners' insurance policy. After Owens and C.A. made a demand on Safeco for payment of the policy proceeds, Safeco brought this declaratory judgment action naming as defendants: Amanda, Jonah, C.A., and Owens. In its motion for judgment on the pleadings, Safeco requests for judgment to be entered in its favor by declaring that there is no coverage under the policy for C.A.'s claims against Amanda and Jonah.

To date, neither Amanda nor Jonah Schweitzer has appeared in this action. The Clerk of the Court previously entered defaults against Amanda and Jonah. (Docs. 14, 20.) However, Safeco has not submitted a motion for default judgment as to these defendants. Accordingly, the Court will address Safeco's motion for judgment on the pleadings as to Defendants C.A. and Christy Owens only.

A.  **The Underlying State Civil Action**

Analysis of the arguments at issue requires review of the petition filed by C.A. in state court (the "Petition"). C.A. sues Amanda for negligent infliction of emotional distress (Count I) and false imprisonment (Count II) and sues Jonah for negligence (Count III). The factual allegations which are common to all counts are as follows:

> 6. C.A. was a student at North Middle School during the 2016-17 school year.
>
> 7. During that same year, [Amanda] was an adult female teacher employed by the Joplin School District ("JSD") at North Middle School where she served as a teacher to C.A.
>
> 8. In early 2017, [Amanda] began grooming C.A. via social media and text message in violation of JSD policies.
>
> 9. On or about March 29, 2017, C.A. was late for the bus and subsequently missed school.
>
> 10. [Amanda] messaged C.A. when she noticed he was not at school.
>
> 11. [Amanda] subsequently drove to his home and picked him up without the consent of his mother.
>
> 12. While at her home, [Amanda] engaged in sexual intercourse with C.A.
>
> 13. As a result of the encounter, C.A. has sustained emotional injuries.
>
> 14. In addition, C.A. was forced to finish the semester off campus after the encounter with [Amanda] came to light. He subsequently transferred schools.

(Doc. 1-2 at 2.)

Each count sets out additional relevant allegations. In Count I, for negligent infliction of emotional distress against Amanda, the Petition alleges that Amanda breached a duty to C.A. "by engaging in sexual intercourse with the minor[, C.A]." (Doc. 1-2 at ¶ 18.) "By engaging in sex with C.A. at her home, it must have been foreseeable to [Amanda] that her conduct involved an unreasonable risk of causing distress to him." (*Id.* at ¶ 20.) In Count II, for false imprisonment

against Amanda, the Petition alleges that "[b]y falsely imprisoning C.A. at her home and subsequently engaging in sex with him there, it must have been foreseeable to [Amanda] that her conduct involved an unreasonable risk of causing distress to the minor." (*Id.* at ¶ 26.)

Count III is the sole count against Jonah. In Count III, the Petition alleges that Jonah "knew, or should have known, of the proclivities of his wife to 'groom' young, male students and prey on them for sex." (*Id.* at ¶ 30.) The Petition further alleges that despite this knowledge, Jonah was negligent for:

a. Failing to warn others of his wife's dangerous proclivities;

b. Failing to timely call the police;

c. Failing to protect C.A., while he was at the home [Jonah] shared with [Amanda], from the foreseeable criminal conduct of [Amanda]; [and]

d. Failing to take reasonable measures to ensure [Amanda] would never be alone at home with a minor . . . .

(Doc. 1-2 at ¶ 31(a)-(d)).

**B.     The Homeowner's Insurance Policy**

Also necessary to the analysis is a review of the relevant definition and exclusion provisions in Safeco's policy issued to Amanda and Jonah.[1] The policy provides liability coverage for Amanda and Jonah "[i]f a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies[.]" (Doc. 1-3 at 26.) The policy defines "occurrence" to mean "an accident . . . which results in: (1) bodily injury[.]" (*Id.* at 37.)

The policy contains the following three relevant exclusions. First, the policy excludes from coverage bodily injury:

> which is expected or intended by any insured or which is the foreseeable result of an act or omission intended by any insured;
>
> This exclusion applies even if:
> (1) Such bodily injury . . . is of a different kind or degree than expected or intended; or
> (2) Such bodily injury . . . is sustained by a different person, or persons, than expected or intended.

---

[1] The policy is proper for the Court's consideration because it is attached to the Complaint and necessarily embraced by it. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

3

(*Id.* at 26.) Second, the policy excludes from coverage bodily injury "which results from violation of criminal law committed by, or with the knowledge or consent of any insured. This exclusion applies whether or not any insured is charged or convicted of a violation of criminal law[.]" (*Id.* at 27.) Third, the policy excludes from coverage bodily injury "arising out of physical or mental abuse, sexual molestation or sexual harassment." (*Id.* at 29.) The Court will refer to the three exclusions using Safeco's labels, respectively: (1) the expected/intended injury exclusion, (2) the violation of criminal law exclusion, and (3) the physical, mental, or sexual abuse exclusion.

**Legal Standards**

**A.     Judgment on the Pleadings Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law, the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)[.]" *Ashley County v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (internal quotations and citation omitted). "When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (internal quotations and citation omitted).

**B.     Missouri Insurance Law**

Because jurisdiction in this case is based on diversity, the Court applies state substantive law, and the parties do not dispute that Missouri law applies. *Schwan's Sales Enters., Inc. v. SIG Pack, Inc.*, 476 F.3d 594, 595 (8th Cir. 2007). Under Missouri law, the rules governing the interpretation of insurance policies are well settled. *See Columbia Mut. Ins. Co. v. Schauf*, 967 S.W.2d 74, 77 (Mo. banc. 1998). The Supreme Court of Missouri has given the following guidance for interpreting insurance policies:

> The general rules for interpretation of other contracts apply to insurance contracts as well. The key is whether the contract language is ambiguous or unambiguous. When there is ambiguity in an insurance policy, the Court must interpret the policy in favor of the insured. However, where insurance policies are unambiguous, they will be enforced as written.

*Todd v. Mo. United Sch. Ins. Council*, 223 S.W.3d 156, 160 (Mo. banc. 2007) (internal quotations and citations omitted).

The party seeking to establish coverage under the insurance policy has the burden of proving that the claim is covered by the policy. *State Farm Fire & Cas. Co. v. D.T.S.*, 867 S.W.2d 642, 644 (Mo. App. 1993). The burden of proving coverage remains on the parties who are seeking coverage even though they are denominated as defendants in a declaratory judgment action. *Id.* "On the other hand, an insurance company seeking to avoid coverage by reason of a policy exclusion has the burden of proving the applicability of the exclusion." *Id.*; *Columbia Mut. Ins. Co. v. Neal*, 992 S.W.2d 204, 207 (Mo. App. 1998) (insurance company relying on policy exclusion to deny coverage must prove the facts which make the exclusion applicable).

"Disputes arising from interpretations and application of insurance contracts are matters of law for the court where there are no underlying facts in dispute." *Centermark Props. v. Home ndem. Co.*, 897 S.W.2d 98, 100 (Mo. App. 1995). Because "[a]n insurance contract is designed to furnish protection[,] it will be interpreted to grant coverage rather than defeat it." *Id.* at 101. Accordingly, "[w]hen an insurance company relies on a policy exclusion to assert noncoverage . . . [the court] construe[s] the exclusion clause strictly against the insurer." *Killian v. State Farm Fire & Cas. Co.*, 903 S.W.2d 215, 217 (Mo. App. 1995).

## Discussion

**A.     The Parties' Arguments**

With the background and relevant legal standards as the framework, the Court turns to the arguments in the motion as to whether the policy covers C.A.'s claims against Amanda and Jonah. The facts are undisputed and the coverage issue can be decided as a matter of law.

In the instant motion, Safeco maintains that by the unambiguous terms of the insurance policy at issue, and pursuant to Missouri public policy, there is no insurance coverage available to the perpetrator of sexual abuse of a minor for her misconduct. Safeco also argues that coverage is excluded for both Amanda and Jonah under three different exclusions: (1) the expected/intended injury exclusion, (2) the violation of criminal law exclusion, and (3) the physical, mental, or sexual abuse exclusion. Safeco contends that if any one of these exclusions is found to apply, there is no coverage available under the policy.

Defendants do not contest Safeco's position that the policy does not cover C.A.'s claims against Amanda. Rather, in response to Safeco's motion, Defendants Owens and C.A. (collectively, "Defendants") argue that the application of the doctrine of concurrent proximate causation permits coverage for C.A.'s claim against Jonah because the claim constitutes an independent and distinct act of negligence that does not involve excluded conduct.

Although Defendants appear to concede that there is no coverage for Amanda, the Court must still determine whether Safeco is entitled to judgment as a matter of law that there is no coverage for Amanda. Then, the Court must consider whether, notwithstanding the issue of coverage for Amanda, there is coverage for Jonah based on the doctrine of concurrent proximate causation.

B.  **Terms of the Policy as to Amanda**

Upon review, the Court is persuaded that there is no coverage for C.A.'s claims against Amanda based on the unambiguous terms of the policy. The Court notes that Defendants raise no argument that the language of the policy is ambiguous. To begin, the policy provides coverage if a claim is brought against an insured for damages because of bodily injury caused by an occurrence. (Doc. 1-3 at 26.) The policy defines an "occurrence" to mean an "accident." (*Id.* at 37.) Although the policy does not define "accident," by its common meaning it is "[a]n event that takes place without one's foresight or expectation." *Am. States Ins. Co. v. Mathis*, 974 S.W.2d 647, 650 (Mo. App. 1998). Regardless of subjective intent, as a matter of law, sexual abuse of a minor is not an "accident," and it is therefore not an "occurrence." *See D.M.A. v. Hungerford*, 488 S.W.3d 683, 688 (Mo. App. 2016) ("Sexual Molestation cannot be, by its nature, an 'Occurrence' under the policy because it is not 'an accident.'"); *B.B. v. Cont'l Ins. Co.*, 8 F.3d 1288, 1296 (8th Cir. 1993) (applying Missouri law) (a person who sexually molests a minor is deemed as a matter of law to have expected and intended to cause harm or injury; conduct does not constitute an "occurrence").

The Petition in the underlying state civil action alleges that Amanda was negligent, which would suggest coverage. However, the fact that C.A.'s suit alleges a claim for negligence against Amanda does not alter the inherently intentional nature of Amanda's alleged misconduct. *California Cas. Gen. Ins. Co. v. Nelson*, No. 14-0604-CV-W-BP, 2014 U.S. Dist. LEXIS 191438, at *18 (W.D. Mo. Dec. 22, 2014) (no insurance coverage for negligence claim where claim is premised on intentional acts of insured); *Brand v. Kan. City Gastroenterology & Hepatology, LLC*,

6

414 S.W.3d 546, 553 (Mo. App. 2013) (same). Further, public policy precludes insurance coverage for the perpetrator of sexual misconduct of a minor. *B.B.*, 8 F.3d at 1295 (insurance coverage for liability arising out of sexual abuse of a minor is contrary to Missouri public policy); *Brand*, 414 S.W.3d at 554 (same as to intentional conduct).

**C.     Policy Exclusions as to Amanda and Jonah**

In addition, even strictly construing the exclusions against Safeco, coverage for Amanda and Jonah is excluded by (1) the expected/intended injury exclusion, (2) the violation of criminal law exclusion, and (3) the physical, mental, or sexual abuse exclusion.

First, there is no coverage for C.A.'s claims against Amanda and Jonah based on the expected/intended injury exclusion because "it is well settled that sexual molestation is an intentional act falling within the 'intended or expected' exclusion in general liability insurance cases." *Am. Family Mut. Ins. Co. v. Copeland-Williams*, 941 S.W.2d 625, 628 (Mo. App. 1997); *B.B.*, 8 F.3d at 1296 (perpetrator of sexual abuse of a minor intends to cause bodily harm as a matter of law). Because Amanda is deemed as a matter of law to have expected or intended the harm to C.A., coverage for Jonah is also excluded by the "any insured" language of the expected/intended acts exclusion. This is so despite the existence of a "severability" clause, which separately insures each named insured. *Copeland-Williams*, 941 S.W.2d at 629 (because policy excluded coverage for husband's sexual molestation, no coverage for wife's negligence stemming from the intentional acts of husband despite severability clause). Therefore, the plain and unambiguous terms of the expected/intended injury exclusion prevents coverage for both Amanda and Jonah.

Second, the policy also excludes from coverage bodily injury "which results from violation of criminal law committed by, or with the knowledge or consent of any insured." (*Id.* at 27.) Amanda has been charged with crimes for the same conduct alleged in C.A.'s Petition. Even though the charges are still pending, the "exclusion applies whether or not any insured is charged or convicted of a violation of criminal law[.]" (Doc. 1-3 at 27.) For the same reasons addressed with respect to the expected/intended injury exclusion, there is no coverage for Jonah because the violation of criminal law exclusion applies to such violations by "any insured." Further, this exclusion applies to exclude coverage for criminal acts committed "with the knowledge or consent of any insured." (*Id.*) The Petition specifically alleges that Jonah "knew, or should have known, of the proclivities of his wife to 'groom' young, male students and prey on them for sex."

7

(Doc. 1-2 at 5.) Therefore, the plain and unambiguous terms of the violation of criminal law exclusion prevents coverage for both Amanda and Jonah.

A third exclusion in the policy excludes from coverage bodily injury "arising out of physical or mental abuse, sexual molestation or sexual harassment." (Doc. 1-3 at 29.) The cause of the harm alleged in the Petition arose from an alleged sexual molestation, such that any act arising out of sexual molestation, no matter who committed the act, is not covered. *See Nationwide Affinity Ins. Co. v. Rutledge*, No. 4:15 CV 1757 RWS, 2017 U.S. Dist. LEXIS 3122 (E.D. Mo. Jan. 10, 2017) (applying Missouri law) (finding no coverage per assault and battery exclusion with similar "arising out of" language); *Capitol Indem. Corp. v. Callis*, 963 S.W.2d 247, 250 (Mo. App. 1997) (same). Therefore, the plain and unambiguous terms of the physical, mental, or sexual abuse exclusion prevents coverage for both Amanda and Jonah.

D.  **Doctrine of Concurrent Proximate Causation as to Jonah**

The only remaining question is whether, notwithstanding the exclusions, there is coverage for Jonah based on the doctrine of concurrent proximate causation.

Missouri courts have recognized "that where an insured risk and an excluded risk constitute concurrent proximate causes of an accident, a liability insurer is liable as long as one of the causes is covered by the policy." *Bowan ex. rel. Bowan vs. General Sec. Indem. Co. of Arizona*, 174 S.W.3d 1, 5 (Mo. App. 2005). Under the concurrent proximate causation rule, "an insurance policy will be construed to provide coverage where an injury was proximately caused by two events-- even if one of these events was subject to an exclusion clause--if the differing allegations of causation are independent and distinct." *Am. Family Mut. Ins. Co. v. Parnell*, 478 S.W.3d 489, at 492 (Mo. App. 2015) (citation omitted).

Defendants support their position that the doctrine applies with three state court of appeals decisions—*Braxton*, *Bowan*, and *Intermed*—where coverage was found. In *Braxton*, coverage was found for injuries sustained by a customer shot by an employee despite the policy's firearm exclusion where the business owner's negligent supervision of the employee was a separate, concurrent, and non-excluded cause of owner's liability. *Braxton v. U.S. Fire Ins. Co.*, 651 S.W. 2d 616 (Mo. App. 1983). The business owner had a distinct and independent duty to its customers apart from the excluded intentional acts of his employees.

Following *Braxton*, in *Bowan*, coverage was found for injuries sustained in an auto accident by a disabled passenger despite the policy's auto operation exclusion because the transportation

8

company's negligent failure to properly secure the passenger in the vehicle was a distinct act that did not necessarily involve the operation of the vehicle. 174 S.W.3d 1. The operation of the vehicle was incidental. *Id.* at 7. The transportation company had a distinct and independent duty to secure Bowan apart from the excluded act involving operation of the vehicle.

In *Intermed*, coverage was found for injuries sustained by a patient who was assaulted by a physician's assistant ("PA") under the guise of a medical examination despite the policy's intentional assault exclusion because the clinic's negligent failure to supervise the PA was distinct from the excluded conduct, and did not require proof of an offensive touching. *Intermed Ins. Co. v. Hill*, 367 S.W.3d 84 (Mo. App. 2012). The clinic had a distinct and independent duty to its patients apart from the excluded bad acts of its PA.

Recently, the court of appeals again considered the application of the doctrine of concurrent proximate causation in *Parnell*. In *Parnell*, coverage was found for injuries sustained by a minor who was sexually assaulted by her daycare providers' son despite the intentional injury and/or abusive acts exclusions because the "obligation and ability to supervise and control [the minor] are the decisive factors" in the negligence supervision claim against the daycare providers. 478 S.W.3d at 494. "The claim for negligent supervision of a minor is unrelated to and can occur without intentional injury or sexual abuse. Indeed, the [daycare providers'] failure to properly supervise [the minor] put [the minor] at risk for any number of harms, either self-inflicted or inflicted by others." *Id.*

A recent decision from the U.S. District Court for the Eastern District of Missouri is instructive. In *Rutledge*, a college student sued for damages after he was assaulted by a fellow student at a fraternity party. 2017 U.S. Dist. LEXIS 3122, *1. In addition to suing his assailant, the plaintiff sued another student, Rutledge, who the plaintiff asserted caused the assault by falsely telling the assailant that plaintiff had behaved inappropriately towards her and her friends. *Id.* at *1-2. The district court declined to apply the concurrent proximate cause doctrine reasoning that "claims against Rutledge necessarily rely upon [plaintiff's] claims against [the assailant] — without the excluded assault and battery, [plaintiff] would not have been injured and there would be no basis for [his] action against Rutledge." *Id.* at *14.

Here, C.A. alleges that Jonah was negligent because he "knew, or should have known, of the proclivities of his wife to 'groom' young, male students and prey on them for sex." (Doc. 1-2 at 5.) C.A. alleges that Jonah was negligent by failing to warn others of his wife's

9

dangerous proclivities; failing to timely call the police; failing to protect C.A. while he was at the Schweitzer's home from the foreseeable conduct of Amanda; and failing to take reasonable measures to ensure Amanda would never be alone at home with a minor. (*Id.* at ¶ 31(a)-(d).)

Unlike *Braxton*, *Bowan*, *Intermed*, and *Parnell*, based on the facts alleged in this case, if the Court were to set aside Amanda's "dangerous proclivities," Jonah would not owe a duty to C.A. The only duty Jonah is alleged to owe to C.A. is premised on Amanda's "dangerous proclivities." As in *Rutledge*, without the excluded sexual misconduct, C.A. would not have been injured and there would be no basis for his action against Jonah. Therefore, the cause (Jonah's failure to act) is not independent and distinct from the excluded cause (Amanda's intentional acts). The Court therefore declines to apply the doctrine of concurrent proximate cause to permit coverage for Jonah. Consequently, Defendants have not met their burden of proving coverage for the claims against Amanda and Jonah.

## Conclusion

Safeco is entitled to judgment as a matter of law as against Defendants C.A. and Owens because (1) there is no coverage under the policy for the claims against Amanda and Jonah Schweitzer and (2) the doctrine of concurrent causation is inapplicable to the claims against Jonah Schweitzer. However, although the Clerk previously entered defaults against Amanda and Jonah Schweitzer (Docs. 14, 20), Safeco has not submitted a motion for default judgment as to these defendants. *See Mo. Drywall Supply Inc. ex rel. Mo. Drywall Supply Inc. v. Commer. Drywall Corp.*, No. 6:17-03408-CV-RK, 2019 U.S. Dist. LEXIS 19893 (W.D. Mo. Feb. 7, 2019) (discussing the requirements for entering default judgment).

Accordingly, the Court **ORDERS** as follows:

1. The Motion for Judgment on the Pleadings filed by Plaintiff Safeco Insurance Company of America is **GRANTED in part** as to Defendants C.A. and Christy Owens. (Doc. 22.)

2. Safeco is directed to show cause on or before April 10, 2019, why this case should not be dismissed as against Amanda and Jonah Schweitzer for failure to prosecute. If Safeco fails to show cause or file a motion for default judgment on or before April 10, 2019, the case will be dismissed as to these defendants without further notice.

**IT IS SO ORDERED.**

                                                  s/ Roseann A. Ketchmark
                                                  ROSEANN A. KETCHMARK, JUDGE
                                                  UNITED STATES DISTRICT COURT

DATED: March 11, 2019