# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:18-05059-CV-RK<br>)<br>) |
| AMANDA RUTH SCHWEITZER, JONAH SCHWEITZER, CHRISTY OWENS, C.A., A MINOR CHILD, | )<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
## AGAINST AMANDA AND JONAH SCHWEITZER

This is an insurance coverage declaratory judgment action pursuant to 28 U.S.C. § 2201. Before the Court is the Amended Motion for Entry of Judgment by Default filed by Plaintiff Safeco Insurance Company of America ("Safeco"). (Doc. 31.) No response has been filed, and the time to do so has passed. The motion is **GRANTED**.

**I.     Background**

The relevant facts are set forth in the Court's earlier Order and will not be repeated here. (Doc. 28.) Entries of default were entered by the Clerk against Amanda Schweitzer and Jonah Schweitzer, on August 22, 2018, and September 11, 2018, respectively. (Docs. 14, 20.) The Court has previously determined that Safeco is entitled to judgment as a matter of law as to Defendants C.A. and Christy Owens. (Doc. 28.) Plaintiff now moves the Court for entry of default judgment against Defendants Amanda Schweitzer and Jonah Schweitzer. In particular, Safeco seeks a judgment declaring no coverage under the homeowners' insurance policy issued by Safeco to Defendants Amanda and Jonah Schweitzer for C.A.'s civil claims against Amanda and Jonah.

**II.    Legal Standard**

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step procedure for obtaining a default judgment. First, when a party "has failed to plead or otherwise defend" "the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (entry of default by the clerk must precede grant of default judgment under

Rule 55(b)). Second, Rule 55(b) authorizes the clerk or court to enter a default judgment. If the judgment sought is not for a sum certain, a "party must apply to the court for default judgment." Fed. R. Civ. P. 55(b)(2). Rule 55 provides that the court may conduct hearings if necessary to conduct an accounting; determine the amount of damages; establish the truth of any allegation by evidence; or investigate any other matter. *Id.*

III. **Discussion**

The Court begins by addressing the issue of its jurisdiction over both the subject matter and the defaulted parties. *Smith v. Ghana Commer. Bank, Ltd.*, 379 Fed. App'x 542, 543 (8th Cir. 2010) (per curiam) (no abuse of discretion in denying motion for default because court lacked personal jurisdiction); *Nolles v. State Comm. for the Reorganization of Sch. Dists*, 524 F.3d 892, 897 (8th Cir. 2008) (the court has an independent obligation to examine its own jurisdiction); *Norsyn, Inc. v. Desai*, 351 F.3d 825 (8th Cir. 2003) (no abuse of discretion where district court *sua sponte* dismissed complaint for lack of personal jurisdiction); *Burnham v. Superior Court of Calif.*, 495 U.S. 604, 608 (1990) (the judgment of a court lacking jurisdiction is void); 2 Moore's Federal Practice - Civil § 12.31 (2019) ("the court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties[]" when considering a motion for default judgment). Then, the Court turns to the instant motion in which Safeco seeks default judgment against Defendants Amanda and Jonah Schweitzer.

A. **Subject Matter Jurisdiction**

The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Safeco is a New Hampshire company with its principal place of business in Massachusetts. (*Id.* at ¶ 1.) Defendants are all citizens of Missouri. (*Id.* at ¶ 2-5.) The insurance policy at issue provides personal liability coverage in the amount of $100,000 per occurrence. (*Id.* at ¶ 19.) Because the dispute is between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, the Court has diversity jurisdiction. (Doc. 1 at ¶ 6.)

B. **Personal Jurisdiction**

Federal courts have general personal jurisdiction over individuals in the states in which the individuals are domiciled. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "[T]he domicile of an individual is his true, fixed and permanent home and place of habitation." *Vlandis v. Kline*, 412 U.S. 441, 454 (1973). "For purposes of federal jurisdiction, 'domicile' and 'citizenship' are synonymous terms." *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1086

(8th Cir. 2017) (citations omitted).  Defendant Amanda Schweitzer is a citizen of the state of Missouri.  (Doc. 1 at ¶ 2.)  Defendant Jonah Schweitzer is a citizen of the state of Missouri.  (*Id.* at ¶ 3.)  Because they are domiciled in the State of Missouri, the Court has general personal jurisdiction over Defendants Amanda and Jonah Schweitzer.

### C. Entitlement to Judgment Against Amanda and Jonah Schweitzer

"A default judgment entered by the court binds the party facing the default as having admitted all of the well-pleaded allegations in the plaintiff's complaint." *Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (citations omitted).  "Factual allegations in the Complaint are taken as true, except those relating to damages. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).  "[I]t is incumbent upon the district court to ensure that the unchallenged facts constitute a legitimate cause of action prior to entering final judgment."  *Marshall v. Baggett*, 616 F.3d 849, 852-53 (8th Cir. 2010) (citation and internal quotations omitted).  A hearing is not necessary.  *See Stephenson v. El-Batrawi*, 524 F.3d 907, 915-16 (8th Cir. 2008) (hearing not necessary if there is sufficient evidence to support default judgment).  Safeco does not seek a monetary award, but a declaratory judgment, which can be rendered on the record before the Court.  Based on the instant motion, the well-pleaded allegations, and the Court's prior order declaring no coverage under the homeowners' policy, Safeco is entitled to judgment as against Defendants Amanda and Jonah Schweitzer.  (Doc. 28.)

## IV. Conclusion

The Amended Motion for Entry of Judgment by Default filed by Plaintiff Safeco Insurance Company of America is **GRANTED**.  (Doc. 31.)  There is no coverage under the homeowners' insurance policy issued by Safeco to Defendants Amanda and Jonah Schweitzer for C.A.'s civil claims against Amanda and Jonah.  The Court's prior Order (Doc. 28) shall be attached to and made a part of this Order.

**IT IS SO ORDERED.**

                                            s/ Roseann A. Ketchmark
                                            ROSEANN A. KETCHMARK, JUDGE
                                            UNITED STATES DISTRICT COURT

DATED:  April 16, 2019